IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30540
Summary Calendar
_____

GLENN BROWN,

Plaintiff-Appellant,

versus

WITCO CORPORATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3868-S
--------------------
November 29, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Glenn Brown appeals the denial of a motion filed by the Witco Corporation to remand the proceedings to an arbitrator. The parties consented to proceed to final judgment before a magistrate judge. Both parties contend that our jurisdiction is proper.

We have "a duty to inquire into the basis of [our] jurisdiction and of the jurisdiction of the district court." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). We "have jurisdiction of appeals from all final decisions

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the district courts." 28 U.S.C. § 1291. A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (internal quotations and citation omitted).

The magistrate judge's order denying a remand to the arbitrator did not dispose of all the issues before the court. The order endorses the arbitrator's clarification of the original arbitration award but does not enforce the arbitrator's clarification. The order also does not dispose of the Witco Corporation's claims that Brown is not the proper party to have brought the lawsuit and that the Oil, Chemical and Atomic Workers International Union had to be joined as a party. The magistrate judge's order denied Witco's request to remand the case to Arbitrator Britton; the order did not end the litigation and leave nothing for the court to do but execute the judgment. *See Livesay*, 437 U.S. at 467; *Sherri A.D. v. Kirby*, 975 F.2d 193, 202 (5th Cir. 1992). Accordingly, the order is not a final, appealable order.

We also note that the district court's assumption of subject matter jurisdiction is questionable. *See Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Serv. Inc.*, 214 F.3d 566, 569 (5th Cir. 2000). The Labor Management Relations Act grants "jurisdiction over parties who are signatories to the collective-bargaining agreement in dispute." *Sea-Land Serv. Inc.*, 214 F.3d at 570 (citations omitted). A suit by an employee against his employer arising under § 301 of the Labor Management Relations

Act is a hybrid claim which comprises two causes of action: one against the employer for breach of a collective bargaining agreement and one against the union for breach of the duty of fair representation. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164, 165 (1983). The magistrate judge should consider its exercise of jurisdiction in disposing of the proper party plaintiff and joinder issues.

Accordingly, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.